**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SHAWNA BANKS, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| v. | ) | |
| | ) | Case No. 1:20-cv-2563 |
| ASSET RECOVERY SOLUTIONS, LLC | ) | |
| and VELOCITY INVESTMENTS, LLC, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | <u>JURY TRIAL DEMANDED</u> |

## <u>COMPLAINT</u>

Plaintiff, Shawna Banks, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that the Defendants' debt collection actions violated the FDCPA, and to recover damages for the Defendants' violations of the FDCPA, and alleges:

### <u>JURISDICTION AND VENUE</u>

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because the acts and transactions occurred here, and the Defendants transacts substantial business here.

### <u>STANDING</u>

3. Plaintiff has suffered an injury in fact that is traceable to Defendants' conduct and is likely to be redressed by a favorable decision in this matter.

4. Specifically, Plaintiff suffered a personalized and concrete injury in the form of, among other things, Defendant's misrepresentation regarding the alleged debt.

1

5.     Plaintiff has thus suffered an injury because of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6.     Plaintiff, Shawna Banks ("Plaintiff" or "Ms. Banks"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a personal loan used for personal, family or household purposes. Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7.     Defendant, Asset Recovery Solutions, LLC ("ARS"), is an Illinois limited liability company that does or transacts business in the State of Illinois. Its registered agent is CT Corporation System, located at 208 South LaSalle St., Suite 814, Chicago, IL 60604.

8.     ARS acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

9.     ARS also acts as a debt collector as defined by § 1692a(6) of the FDCPA as it regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10.     Defendant, Velocity Investments, LLC ("Velocity"), is an New Jersey limited liability company that does or transacts business in the State of Illinois. Its registered agent is Illinois Corporation Service Company, located at 801 Adlai Stevenson Drive, Springfield, IL 62703.

11.     Velocity is a debt scavenger that specializes in buying large portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which it then tries to collect through other debt collectors.

12.     Velocity acts as a debt collector as defined by § 1692a(6) of the FDCPA because it uses the instrumentalities of interstate commerce including the telephone and/or the mails in its business, the principal purpose of which is the collection of defaulted consumer debts.

## FACTUAL ALLEGATIONS

13.     The Defendants have alleged that Plaintiff incurred a debt for consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

14.     Defendants have alleged that Plaintiff failed to pay the alleged debt, and that her account entered default.

15.     Defendant Velocity claims that the alleged debt was charged off and sold, transferred or otherwise assigned to Velocity after it had entered default.

16.     Defendants began attempting to collect the alleged debt from Plaintiff and sent Plaintiff a collection letter on or about April 29, 2019. (Exhibit A, Collection Letter).

17.     The Letter conveyed information regarding the alleged debt, including an account number and balance due on the alleged debt.

18.    The Letter was thus a "communication" as that term is defined at § 1692a(2) of the FDCPA.

19.    The letter stated in relevant part:

| Original Creditor: | LENDINGCLUB CORP. ASSIGNEE OF WEBBANK |
| Current Creditor: | VELOCITY INVESTMENTS LLC |

20.    The claim that "LENDINGCLUB CORP. ASSIGNEE OF WEBBANK" was the original creditor is false and deceptive as Plaintiff could not determine which entity, if any, was the claimed original creditor.

21.    This statement was false, deceptive and confusing for Plaintiff. Debt collectors like ARS and Velocity would also have an incentive to include a confusing or false statement like this in collections communications in order to force consumers to contact the debt collector by phone to determine who the original creditor was. The collector can then use the phone conversation as a cudgel to attempt to force the consumer to pay the alleged debt.

22.    Plaintiff, and the unsophisticated consumer, would be unable to determine whether "Lendingclub Corp." or Webbank" was the alleged original creditor, as both are listed.

23.    15 U.S.C. § 1692e of the FDCPA provides in relevant part:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2) The false representation of—**

> **(A) the character, amount, or legal status of any debt; or**

> **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . .**

4

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

24.     Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) by providing a false, deceptive and confusing name of the original creditor.

25.     15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

26.     Defendants violated 15 U.S.C. §§ 1692f by including a confusing and false description of the original creditor in its communications with Plaintiff.

27.     Velocity authorized, directed, and ratified every action taken by ARS on Velocity's behalf, and is liable for the acts and omissions of ARS, committed in connection with efforts to collect the alleged debt from Plaintiff. *See Fox v. Citicorp Credit Services, Inc*., 15 F. 3d 1507 (9th Cir. 1994); *Pollice v. National Tax Funding, L.P*., 225 F. 3d 379 (3rd Cir. 2000).

28.     A debt collector bears the burden of monitoring the activities of those it enlists to collect debts on its behalf. *Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317 (7th Cir. 2016).

29.     The Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

30.     Plaintiff realleges the above paragraphs as if set forth fully in this count.

31.     Defendants violated 15 U.S.C. §§ 1692e, 1692e(2)(A) and 1692e(10) by providing a false, deceptive and confusing name of the original creditor.

32.     Defendants violated 15 U.S.C. §§ 1692f by including a confusing and false description of the original creditor in its communications with Plaintiff.

33.     As a result of the Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs, and reasonable attorney fees.

WHEREFORE, Plaintiff requests that judgment be entered in favor of Plaintiff and against the Defendants for:

A.     Actual damages pursuant to 15 U.S.C. § 1692(a)(1);

B.     Statutory damages pursuant to 15 U.S.C. § 1692(a)(2);

C.     Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C § 1692k(a)(3); and

D.     Such other and further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,

By: */s/ Bryan Paul Thompson*
One of Plaintiff's Attorneys

Bryan Paul Thompson
Robert W. Harrer
CHICAGO CONSUMER LAW CENTER, P.C.
111 West Washington Street, Suite 1360
Chicago, Illinois 60602
Tel. 312-858-3239
bryan.thompson@cclc-law.com
rob.harrer@cclc-law.com

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Bryan Paul Thompson*
One of Plaintiff's Attorneys